# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TRAVELERS INSURANCE COMPANY<br>One Tower Square<br>Hartford, CT 06183,<br><br>CITY OF MILWAUKEE<br>200 East Wells Street<br>Milwaukee, WI 53202,<br><br>       Plaintiffs,<br><br>v.<br><br>REPUBLIC SERVICES, INC.<br>18500 North Allied Way<br>Phoenix, AZ 85054,<br><br>ACE AMERICAN INSURANCE COMPANY<br>2000 Arch Street<br>Philadelphia, PA 19103,<br><br>ACE PROPERTY AND CASUALTY<br>INSURANCE COMPANY<br>2000 Arch Street<br>Philadelphia, PA 19103,<br><br>      Defendants. | No.: 2:26-cv-1326 |

## COMPLAINT

Plaintiffs, Travelers Insurance Company and City of Milwaukee, for its complaint against

the Defendants, Republic Services, Inc., Ace American Insurance Company, and Ace Property

and Casualty Company, states:

1

## JURISDICTION

1.      The Subject Matter Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332 as the plaintiffs and the defendants are citizens of different states, are diverse parties and the amount in controversy exceeds $75,000.00.

2.      Venue is proper in the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district and a substantial part of the property that is the subject of this action is situated in this district.

## PARTIES

3.      Plaintiff, Travelers Insurance Company ("Travelers") is a foreign insurance company authorized to conduct business in the State of Wisconsin, with its principal place of business located at One Tower Square, Hartford, CT 06183.

4.      Plaintiff, City of Milwaukee, is a municipal entity located in Milwaukee, Wisconsin, with its principal place of operation located at 200 East Wells Street, Milwaukee, WI 53202.

5.      Defendant, Republic Services, Inc. ("Republic"), is a foreign company authorized to conduct business in the State of Wisconsin, with its principal place of business located at 18500 North Allied Way, Phoenix, AZ 85054.

6.      Defendant, Ace American Insurance Company ("Ace American"), is a foreign insurance company with its principal place of business located at 2000 Arch Street Philadelphia, PA 19103. Upon information and belief, prior to and including all relevant times material herein, Ace American issued a policy of liability insurance to Republic.

2

7.     Defendant, Ace Property and Casualty Insurance Company ("Ace Property and Casualty"), is a foreign insurance company with its principal place of business located at 2000 Arch Street Philadelphia, PA 19103. Upon information and belief, prior to and including all relevant times material herein, Ace Property and Casualty issued a policy of liability insurance to Republic.

**FACTS**

8.     All prior paragraphs are incorporated by reference.

9.     At all times material hereto, City of Milwaukee owned the property located at 1401 West Mount Vernon Avenue, Milwaukee, WI 53233 ("the Property").

10.    In 2014, City of Milwaukee and Resource Recovery Systems ("Resource") had entered into a Construction and Operating Agreement ("the Agreement") where City of Milwaukee agreed to allow Resource to use and operate the Property as a recycling center.

11.    In 2017, Republic acquired the ownership interests of Resource and its parent company RE Community Holdings II, Inc.

12.    In 2019, City of Milwaukee and Republic entered into an Amendment to the Agreement ("the Amendment").

13.    In the Amendment, the parties agreed to make select changes to the original Agreement but otherwise adopted the remainder of the original Agreement, with Republic in the place of Resource.

14.    On May 31, 2023, a fire started in the Property when a propane tank had been improperly sorted and exploded in a paper conveyor.

15.    On the day of the fire and the days leading up to the fire, Republic operated the recycling center without the proper level of staff necessary to ensure the recycling center

3

operated safely and efficiently.

16. Prior to the fire, Republic was aware of issues involving the fire suppression system at the recycling center.

17. Due to the compromised nature of the fire suppression system, Republic turned off the alarm system within the recycling center.

18. Despite the lack of staff working onsite and the fact that the fire suppression and alarm systems were not operating properly, Republic continued to operate the recycling center and operated the conveyors at unreasonable speeds.

19. Republic was responsible for ensuring the recycling center on the Property operated safely and efficiently.

20. Republic failed to adhere to its own policies that were meant to ensure the safety of the recycling center and those working within it.

21. At all times material hereto, there was in full force and effect a policy of insurance between Travelers and City of Milwaukee.

22. Pursuant to the policy of insurance, Travelers determined that it was reasonable and necessary to pay to or on behalf of its insured the sum of $20,991,821.44 for the damages.

23. Pursuant to the policy of insurance, City of Milwaukee was required to pay deductibles in the amount of $490,240.00.

24. Pursuant to the policy of insurance, Travelers is still making payments on behalf of its insured for the damages sustained in the fire.

25. Pursuant to the policies of insurance and the laws of the State of Wisconsin, Travelers is subrogated to the rights of its insured as against the person(s) and/or entity(ies) responsible for the aforementioned damages, to the extent of its payments.

4

## FIRST CAUSE OF ACTION: NEGLIGENCE AGAINT REPUBLIC SERVICES, INC.

26. All prior paragraphs are incorporated by reference.

27. Republic, as a tenant of the property owned by City of Milwaukee, owed a duty to City of Milwaukee to use reasonable care in its use and operation of the recycling center on the Property.

28. Republic breached its duty to City of Milwaukee by failing to ensure that the recycling center was properly staffed and by failing to have proper procedures in place to prevent the propane tank from being improperly sorted.

29. Republic further breached its duty to City of Milwaukee by allowing the propane tank to be improperly sorted.

30. Republic further breached its duty to City of Milwaukee by failing to ensure the premises were safe and that the fire suppression and alarm systems were operational and capable of suppressing any fires that ignited.

31. Republic's breach of its duty caused and contributed to the fire that occurred on May 31, 2023.

32. Republic's breach of its duty was the direct and proximate cause of the damage to the Property.

33. Furthermore, Republic had exclusive control over the propane tank.

34. The presence of the propane tank in the paper conveyor does not occur absent negligence.

35. The City of Milwaukee did not contribute to the presence of the propane tank in the paper conveyor or the resulting fire.

5

## SECOND CAUSE OF ACTION: BREACH OF CONTRACT AGAINST REPUBLIC SERVICES, INC.

36. All prior paragraphs are incorporated by reference.

37. In 2017, when Republic acquired Resource, Republic assumed Resource's rights and obligations under the Agreement with City of Milwaukee.

38. Further, in 2019, it was agreed between Republic and City of Milwaukee that the Agreement would continue to govern the relationship between the parties.

39. Pursuant to the Agreement, Republic was required to ensure that the recycling center was properly staffed when it was operational on the Property.

40. The Agreement required that Republic develop and implement an operations and maintenance manual to dictate the operation of the recycling center.

41. The Agreement further required that the operations and maintenance manual include a staffing plan to ensure that Republic meets all of its obligations under the Agreement.

42. Pursuant to the Agreement, Republic adopted an Operations and Maintenance Manual ("the O&M Manual").

43. The O&M Manual required that Republic conduct a daily safety checklist to inspect the property for unsafe conditions.

44. The O&M Manual required that Republic make "every effort to minimize the possibility of explosion."

45. The O&M Manual required that the payloader operator and all sorters must be trained to identify any piece of material that may be pressurized.

46. If any pressurized material were to be found, the O&M Manual required that the system be shut down and the container be removed.

6

47.     The O&M Manual listed various hazardous materials that were not to be accepted into the facility, one of which being propane cylinders.

48.     The O&M Manual provided procedures for responding if an unacceptable or hazardous material was received into the facility.

49.     As part of these procedures, a supervisor was to be informed and the materials were to be pushed aside and safely removed and disposed from the facility.

50.     The O&M Manual required that Republic implement a formalized maintenance program "consisting of clearly defined procedures for managing and performing maintenance."

51.     The O&M Manual further required that Republic employ an operations supervisor whose responsibilities included safety inspection of equipment and ensuring that no unsafe practices or conditions existed while on the job.

52.     In the event of equipment not functioning properly or an unsafe working condition was found to exist, the O&M Manual mandated that Republic and the operations supervisor notify the proper parties in charge of maintenance for the recycling center.

53.     Republic breached the Agreement by, among other things:

   a.  Failing to properly staff the recycling center.

   b.  Failing to include a specific staffing plan in the O&M Manual that would ensure the safety of the recycling center and those who worked inside it.

   c.  Failing to properly train staff to identify pressurized containers and remove them from the system to avoid explosions.

   d.  Failing to inspect the Property for unsafe conditions.

   e.  Failing to notify the proper parties in order to fix unsafe conditions.

7

f. Continuing to operate the recycling center without addressing unsafe conditions.

54. The breach of the Agreement by Republic was a proximate cause of the aforementioned fire and the damages.

### THIRD CAUSE OF ACTION: LIABILITY AGAINST ACE AMERICAN

55. All prior paragraphs are incorporated by reference.

56. At all times material hereto, the Defendant, Ace American, had in full force and effect one or more policies of liability insurance that provided coverage to Defendant Republic, insuring it against liability for the aforementioned damages, and agreeing to pay any and all amounts which Republic may become legally obligated to pay.

57. The Defendant, Ace American, is directly liable to Plaintiffs for the injuries caused by its insured pursuant to Wis. Stat. § 632.24.

### FOURTH CAUSE OF ACTION: LIABILITY AGAINST ACE PROPERTY AND CASUALTY

58. All prior paragraphs are incorporated by reference.

59. At all times material hereto, the Defendant, Ace Property and Casualty, had in full force and effect one or more policies of liability insurance that provided coverage to Defendant Republic, insuring it against liability for the aforementioned damages, and agreeing to pay any and all amounts which Republic may become legally obligated to pay.

60. The Defendant, Ace Property and Casualty, is directly liable to Plaintiffs for the injuries caused by its insured pursuant to Wis. Stat. § 632.24.

WHEREFORE, Travelers Insurance Company and City of Milwaukee demand judgment against Republic Services, Inc., Ace American Insurance Company, and Ace Property and

8

Casualty Insurance Company in an amount to be determined plus prejudgment interest, all

taxable costs, fees and disbursements and all other just and equitable relief.


Dated:          07/30/2026                    Respectfully submitted,

**TRAVELERS INSURANCE COMPANY**

*/s/ W. Gregory Aimonette*
W. Gregory Aimonette (IL ARDC No. 6244316)
Colin M. Shultz (WI State Bar No. 1128437)
YOST & BAILL, LLP
2675 N Mayfair Rd., Suite 600
Milwaukee, WI 53226
T: (630) 923-8901
F: (612) 344-1689
wgaimonette@yostbaill.com
cshultz@yostbaill.com

9